UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION


SEAN B. CLARK,                                    Case No. 1:13-cv-01331-HA

           Plaintiff,                             OPINION AND ORDER

      v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

           Defendant.
_____

HAGGERTY, District Judge:

       Plaintiff Sean B. Clark seeks judicial review of a final decision by the Acting

Commissioner of the Social Security Administration denying his application for Disability

Insurance Benefits (DIB).  This court has jurisdiction to review the Acting Commissioner's

decision under 42 U.S.C. § 405(g).  After reviewing the record, this court concludes that the

Acting Commissioner's decision must be AFFIRMED.


OPINION AND ORDER - 1

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it

OPINION AND ORDER- 2

supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

**BACKGROUND**

Plaintiff was born in 1973 and was twenty-nine years old at the time of his alleged disability onset date. He protectively filed his application for benefits on September 28, 2009, alleging an onset date of June 1, 2002 based on a number of alleged impairments, including: disorders of the thoracic spine, chronic synovitis of the right ankle, fibromyalgia, a major depressive disorder, and Posttraumatic Stress Disorder (PTSD). His date last insured was December 31, 2007. Plaintiff's application was denied initially and upon reconsideration.

An Administrative Law Judge (ALJ) conducted a hearing on November 7, 2011. The ALJ heard testimony from plaintiff, who was represented by counsel, and from an impartial vocational expert (VE). The ALJ found that plaintiff suffered from the following impairments, which when considered in combination, are severe: early degenerative disc disease of the thoracolumbar spine, a major depression disorder, and prescription drug dependence, by history. Tr. 62, Finding 3.[1] The ALJ determined that plaintiff's severe impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 63, Finding 4. The ALJ determined that plaintiff has the RFC to perform less than the full range of light work as defined

---

[1] "Tr." refers to the transcript of the Administrative Record.

OPINION AND ORDER- 3

in 20 C.F.R. § 404.1567(b).  In particular, the ALJ found the plaintiff could lift/carry twenty

pounds occasionally and ten pound frequently, could stand/walk and/or sit for six hours each in

an eight-hour workday with normal breaks, could only perform occasional stooping, and could

only carry-out simple, routine tasks.  Tr. 65, Finding 5.

Based on plaintiff's RFC and testimony from the VE, the ALJ determined that plaintiff

was unable to perform any past relevant work.  Tr. 67, Finding 6.  However, the ALJ did

determine that plaintiff could perform other jobs existing in significant numbers in the national

economy in accordance with Medical Vocational Guidelines, 20 CFR Part 404, Subpart P,

Appendix 2.  Therefore, on January 24, 2012, the ALJ issued a decision finding that plaintiff was

not disabled as defined in the Social Security Act.  The Appeals Council denied plaintiff's request

for administrative review, making the ALJ's decision the final decision of the Acting

Commissioner.  Plaintiff subsequently initiated this action seeking judicial review.

## DISCUSSION

Plaintiff contends that this court must reverse and remand the Acting Commissioner's

final decision based on a number of alleged errors.  Plaintiff argues that the ALJ improperly

rejected the opinions of treating and examining physicians, improperly rejected plaintiff's

subjective symptom testimony, misapplied the Medical Vocational Guidelines, and failed to give

proper weight to plaintiff's Veterans Administration's (VA) service-connected disability rating.

While plaintiff's counsel identifies each of these assignments of error, they are largely

unsupported by any argument such that they can be said to have been fairly raised.  In large part,

counsel merely quotes from the Administrative Record and urges this court to reach a different

conclusion than that reached by the ALJ.  However, this court is not empowered to resolve

OPINION AND ORDER- 4

conflicts in the evidence.

### 1.    Treatment Providers' Opinions

Plaintiff contends that the ALJ improperly rejected the opinions of treating and examining medical providers. In large part, it is difficult to discern which providers plaintiff is referring to or how he alleges the ALJ's treatment of them was faulty. Rather, plaintiff offers a different interpretation of the medical advice and appears to assert that the ALJ should have concluded PTSD was a severe impairment.

An ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and may reject an uncontradicted opinion from a treating or examining physician by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ must give weight not only to the treating physician's clinical findings and interpretation of test results, but also to the doctor's subjective judgments. *Lester v. Chater*, 81 F.3d 821, 832-33 (9th Cir. 1995) (citation omitted).

The opinion of a non-examining physician alone cannot constitute substantial evidence that justifies the rejection of the opinion of a treating physician. *Id.* at 831 (citations omitted). However, the ALJ may reject a treating physician's opinion in cases in which objective test results, reports from other physicians, testimony from the claimant, or other evidence conflicts with the opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *see also Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir. 1988) (holding that an ALJ may reject a treating physician's opinion that is unsupported by medical findings, personal observations, or objective testing).

OPINION AND ORDER- 5

As relayed above, plaintiff largely fails to identify how the ALJ erred in rejecting the opinions of medical providers but instead argues the ALJ should have concluded that he had PTSD and that he should have been found disabled. Plaintiff does contend that the ALJ failed to discuss his Major Depressive Disorder and to mention the opinion of Dr. McKellar. However, the record clearly demonstrates that the ALJ considered plaintiff's depression to be a severe impairment and that he rejected the opinion of Dr. McKellar because it was inconsistent with other medical evidence. As for plaintiff's PTSD, the ALJ concluded it was not a severe impairment because plaintiff was not diagnosed with it until approximately four years after his date last insured. Moreover, plaintiff was provided with the opportunity to address his alleged PTSD symptoms and had been screened for it prior to his date last insured, yet no treatment provider identified it as a problem prior to the date last insured. The ALJ did not err in finding plaintiff's PTSD to be non-severe during the time frame in question.

### 2.    Plaintiff's credibility

Plaintiff contends that the ALJ improperly rejected his subjective symptom testimony. In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ must engage in a two-step analysis. *Molina v. Astrue,* 674 F.3d 1104, 1112 (9th Cir. 2012) (citations omitted). First, the ALJ must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citations and quotation omitted). If the claimant has presented such evidence, and no evidence of malingering exists, then the ALJ must give "specific, clear and convincing reasons" to reject the claimant's testimony about the severity of his or her symptoms. *Id.* (citation omitted).

The ALJ, however, is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Instead, the ALJ may use "ordinary techniques of credibility evaluation" to evaluate the claimant's testimony. *Molina*, 674 F.3d at 1112 (citation omitted). The ALJ may consider inconsistencies in the claimant's testimony or between the testimony and the claimant's conduct; unexplained or inadequately explained failures to seek treatment or to follow a prescribed course of treatment; and "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* (citations and quotation omitted). The ALJ also may discredit a claimant's testimony when the claimant "reports participation in everyday activities indicating capacities that are transferable to a work setting." *Id.* at 1113 (citations omitted). "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Id.*

Here, the ALJ concluded that plaintiff's statements concerning the intensity, persistence, and limiting effects of his impairments were not fully credible. It is unclear how plaintiff believes the ALJ erred in treating his subjective symptom testimony, but the court nevertheless concludes that the ALJ provided clear, convincing, and specific reasons for rejecting that testimony. The ALJ highlighted plaintiff's inconsistent statements regarding the effects of antidepressants, plaintiff's statement that he had never had a problem with alcohol despite VA records to the contrary, plaintiff's failure to comply with treatment and failure to seek treatment, and activities of daily living that were inconsistent with plaintiff's allegations. The court cannot conclude that the ALJ erred in rejecting plaintiff's testimony.

OPINION AND ORDER- 7

3.    **Medical Vocational Guidelines**

Plaintiff asserts that the ALJ improperly applied the Medical-Vocational Guidelines in

concluding that jobs exist in significant numbers that plaintiff can perform rather than by

consulting with a VE.  There are two ways for the Commissioner to meet the government's

burden at Step Five: (1) through the testimony of a VE, or (b) by reference to the Medical-

Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2.  *Tackett v. Apfel*, 180 F.3d 1094,

1099 (9th Cir. 1999).  A VE is required if there are "sufficiently severe" non-exertional

limitations not accounted for in the Medical-Vocational Guidelines such that the range of work

permitted by a claimant's exertional limitations is significantly limited.  *Hoopai v. Astrue*, 499

F.3d 1071, 1075 (9th Cir. 2007) (citation omitted).

Plaintiff contends that his pain is a significant non-exertional limitation rendering use of

the Medical-Vocational Guidelines inappropriate.  This assertion is largely unsupported by the

record or by plaintiff's argument.  As plaintiff has not demonstrated that his pain significantly

limits his ability to perform the range of work outlined by the ALJ on a non-exertional basis,

there is no rationale for rejecting the ALJ's use of the Medical-Vocational Guidelines.  In light of

the fact that the ALJ appropriately applied the Medical-Vocational Guidelines and because he

correctly applied Social Security Rulings 83-12 and 83-14, the court finds no error.

4.    **VA Disability Rating**

Plaintiff contends that the ALJ did not give proper weight to his VA service-connected

disability rating of seventy percent.  However, at the time of plaintiff's date last insured, his

disability rating was twenty percent and would not be increased until nearly four years after his

date last insured.  The ALJ discussed the twenty-percent rating and found it consistent with the

OPINION AND ORDER- 8

RFC assigned to plaintiff. The ALJ did not err by failing to ascribe great weight to the later

disability rating.

## CONCLUSION

For the reasons provided, this court concludes that the decision of the Acting

Commissioner denying Sean B. Clark's application for DIB must be AFFIRMED.

IT IS SO ORDERED.

DATED this _4_ day of September, 2014.

Ancer L. Haggerty
United States District Judge

OPINION AND ORDER- 9